IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BEN DANIEL WILLIAMS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:12-CV-926-Y |
| WILLIAM STEPHENS, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Ben Daniel Williams, TDCJ-ID #1633074, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Beeville, Texas.

---

[1] Effective June 1, 2013, William Stephens succeeded Rick Thaler as the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Director Stephens is "automatically substituted as a party." FED. R. CIV. P. 25(d).

Respondent William Stephens is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

In 2008 petitioner was charged by indictment in Case No. 1123197D in the 432nd District Court of Tarrant County, Texas, with two counts of aggravated sexual assault of a child younger than 14 years of age and one count of indecency with a child. Specifically, the indictment alleged that on or about August 31, 2007, petitioner did

> then and there intentionally or knowingly cause the sexual organ of BB, a child younger than 14 years of age who was not the spouse of said defendant to contact the sexual organ of the defendant.
>
> Count Two: And it if further presented . . . that the defendant . . . on or about the 31st day of August, 2007, did then and there intentionally or knowingly cause the penetration of the female sexual organ of BB, a child younger than 14 years of age who was not the spouse of said defendant by inserting his penis,
>
> Count Three: And it is further presented . . . that the defendant . . . on or about the 15th day of June, 2007, did then and there intentionally, with the intent to arouse or gratify the sexual desire of said defendant, engage in sexual contact by touching the breast of BB, a child younger than 17 years of age and not the spouse of the defendant.

(SHR at 54)

On March 10, 2010, a jury found petitioner guilty on all counts and assessed his punishment at 10 years' confinement on count one, 25 years' confinement on count two, and 5 years's confinement on count three. (SHR$^2$ at 157-Clerk's R. at 3, 152) The trial court ordered the sentences on counts one and two to run consecutively and the sentences on counts one and three to run concurrently. (SHR at 167) Petitioner appealed his convictions, but the Second District Court

---

[2]"SHR" refers to the record of petitioner's state habeas application No. WR-78,464-01.

of Appeals of Texas affirmed the trial court's judgments, and the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. *Williams v. State*, PDR No. 786-11. Petitioner also filed a state habeas application challenging his convictions, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (SHR at cover) This federal petition for writ of habeas corpus followed.

The state appellate court summarized the testimony at trial as follows:

> B.B. (hereinafter Brandy) lived with her mother, Donna Martin, in Arlington. Martin met appellant over the phone while she was working. Appellant, who was a truck driver, eventually moved with Martin and Brandy into a two-bedroom apartment. Martin was frequently away from home at times that only Brandy and appellant were there.
>
> According to Brandy's testimony at trial, when she was eleven years old, during the summer between her fifth and sixth grade school years, appellant "started paying more attention" to her. He bought her several things, including a cell phone. One day, when Brandy and appellant were on a couch, appellant put his hand under Brandy's shirt and rubbed her breasts. On another occasion, while appellant and Brandy were watching television, he untied her shorts, lifted her legs, and put his mouth on her vagina for five to seven minutes. A couple of days after that, appellant took off Brandy's clothes and his pants, and he put his mouth on her breasts and his penis in her vagina. Appellant eventually ejaculated. Brandy bled from her vagina. Appellant had sexual intercourse with Brandy on ten or eleven other occasions.
>
> Appellant and Martin eventually broke up, and Brandy moved in with Mozelle Moore, her great aunt. Brandy was "very angry inside" when she moved in with Moore. Months later, after Moore had asked Brandy several times whether appellant had inappropriately touched her, Brandy told Moore, who did not like appellant, about some of what had happened, and Moore called the police. Brandy talked with the police, gave an interview to Teresa Norris, a Child Protective Services (CPS) investigator, and went to a medical center, where she learned that she "had a lot of broken tissue."
>
> During the CPS interview, Brandy told Norris that appellant started abusing her by, four or five times, squeezing her breasts with his hands under her clothes and putting her breasts in his mouth. Brandy stated to Norris that appellant then "went to licking her vagina and putting his private inside her vagina" about nine times.

3

Norris called appellant on the telephone, and he denied ever living with Brandy and Martin.

Arlington Police Department Detective Garth Savage investigated the case against appellant and presented it to a district attorney. A grand jury indicted appellant with two counts of aggravated sexual assault of a child, which is a first-degree felony, and one count of indecency with a child, which, as alleged in the indictment, is a second-degree felony. Appellant pled not guilty to all charges.

Shellie Tidwell, who managed the apartment that Brandy, Martin, and appellant had stayed in, confirmed at trial that appellant had lived there, and appellant also conceded that fact at trial. Tidwell said that Brandy helped file papers and answer phones in the apartment complex's office about three days per week. According to Tidwell, Brandy "wasn't the same" when Brandy was around appellant; her "head hung low the whole time."

(SHR at 71-73) (footnotes omitted)

### D. Issues

Petitioner grounds for habeas relief are construed as follows:

(1) Counts one and two allege the same offense on the same day, therefore his conviction on both counts violates double jeopardy;

(2) The lesser included offense of indecency with a child "is not statutorily identified" in counts one and two;

(3) His trial counsel was ineffective by failing to file a motion to dismiss the indictment on double jeopardy grounds; and

(4) His trial counsel was ineffective by failing to file a motion for new trial or a motion in arrest of judgment.

(Petition at 6-7)

### E. Rule 5 Statement

Respondent believes that petitioner has exhausted his state remedies as to the issues raised and that the petition is neither time-barred nor subject to the successive-petition bar. (Resp't Ans at 6) 28 U.S.C. §§ 2244(b), (d), 2254(b)(1)(A).

4

# F. DISCUSSION

## *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as the court did here, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App.

5

1997).

### *1. Double Jeopardy*

Under his first ground, petitioner asserts his convictions on both counts one and two violate double jeopardy because they allege the same "sexual event" occurring on or about August 31, 2007. (Pet'r Add. at 1-3) Thus, petitioner urges the act of contact was factually subsumed by the act of penetration. *See, e.g., Ex parte Pruitt*, 233 S.W.3d 338, 348 (Tex. Crim. App. 2007) (holding genital contact subsumed within alleged incident of penetration is lesser included offense of penetration); *Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (holding penile contact with genitals in course of penile penetration subsumed).

In overruling this claim, and relying largely on state law, the appellate court addressed the claim as follows:

> [Appellant] contends that his conviction in count one of the indictment, which concerns his sexual organ's contact with Brandy's sexual organ, violates the constitutional prohibition against double jeopardy because he was also convicted of count two, which regards his sexual organ's penetration of her sexual organ. The indictment alleged that both of these counts occurred on or about August 31, 2007. The jury charge stated that the State was "not required to prove the exact date alleged in the indictment" but could show that the offenses were committed before the expiration of the statute of limitations and prior to the presentment of the indictment.
>
> The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense. Generally, this clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. Appellant bases his multiple punishment double jeopardy argument on an assumption that counts one and two of his indictment relate to the same sexual event. He cites *Patterson v. State* for the proposition that a conviction for aggravated sexual assault bars a conviction for conduct that is demonstrably part of that same offense. But the State's evidence established that appellant penetrated Brandy's sexual organ on multiple occasions.

6

> In a similar case in which a defendant was indicted for aggravated sexual assault and indecency with a child, we explained,
>
>> Generally, to preserve a double jeopardy claim, a defendant must object at or before the time the charge is submitted to the jury. An appellant is excused from the preservation requirement, however, when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and (2) enforcement of usual rules of procedural default serves no legitimate state interests.
>>
>> The record reflects that Cabral was indicted for two separate offenses both alleged to have occurred "on or about" June 1, 2000. *The record further reflects that the complainant testified regarding two separate and distinct incidents of abuse* . . . .
>>
>> It is well settled that the "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is prior to the presentation of the indictment and not so remote that prosecution is barred by the statute of limitations. Here, the complainant's testimony described acts supporting each charge occurring prior to the presentation of the indictment and within the applicable statute of limitations period. Thus, we find no double jeopardy violation apparent on the face of the record. Cabral has therefore failed to meet the first prong of the exception to the preservation requirement. . . . Accordingly, we hold that Cabral failed to preserve his double jeopardy claim for our review.
>
> Appellant did not object to the jury charge or otherwise raise a complaint about double jeopardy in the trial court. Thus, as in *Cabral,* we hold that Brandy's testimony of multiple sexual incidents that independently support each count of appellant's indictment precludes appellant's double jeopardy claim because a double jeopardy violation is not clearly apparent from the face of the record.

(SHR at 77-80) (citations and footnote omitted) (emphasis in original)

Application of the Texas contemporaneous objection requirement by the state appellate court similarly bars review in this forum under the procedural default doctrine, unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of

7

justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Turner v. Quarterman*, 481 F.3d 292, 301 (5th Cir. 2007); *Styron v. Johnson,* 262 F.3d 438, 454 (5th Cir. 2001). Petitioner demonstrates neither.

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Johnson v. Puckett,* 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted). Objective factors that can constitute cause include interference by officials that makes compliance with the state procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel. *Romero v. Collins,* 961 F.2d 1181, 1183 (5th Cir. 1992).

Petitioner argues under his third ground that his counsel was ineffective for failing to move for dismissal of the indictment based on his double jeopardy claim; therefore, it is assumed that he also argues that ineffectiveness is the cause for the procedural default of his double jeopardy claim. However, that assumption does not aid petitioner. Ineffective assistance of counsel may, in some circumstances, constitute cause for a procedural default. *See Edwards v. Carpenter,* 529 U.S. 446, 451 (2000). As explained *infra*, his ineffective assistance of counsel claim has no merit. A meritless ineffective assistance of counsel claim cannot serve as cause for a procedural default. *Coleman,* 501 U.S. at 753-54.

### 2. *Defective Indictment*

Under his second ground, petitioner appears to argue that the indictment is defective and void because counts one and/or two fail to allege a necessary element of the lesser included offense of indecency–*i.e.,* the intent to arouse or gratify the sexual desire of any person. (Pet'r Add. at 7-11)

The Fifth Circuit has consistently demonstrated deference to state court determinations of state law, including jurisdictional determinations based on state law. *Evans v. Cain,* 577 F.3d 620,

624 (5th Cir. 2009). This deference is illustrated in the court's decisions involving challenges to the sufficiency of a state indictment. The court has emphasized, "[i]t is settled in this Circuit that the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. 1980); *see also McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (same). In this regard, "[a]n absence of jurisdiction in the convicting court is . . . a basis for federal habeas corpus relief cognizable under the due process clause." *Lowery v. Estelle*, 696 F.2d 333, 337 (5th Cir. 1983). But "[w]here the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue." *McKay*, 12 F.3d at 68.

Petitioner's argument was squarely presented to the state courts in his state habeas application. (SHR at 49) The habeas court found that the indictment alleged three separate offenses and did not charge lesser included offenses. (SHR at 47) Therefore, the court concluded that petitioner failed to prove the indictment improperly alleged lesser included offenses and recommended denial of the claim. (SHR at 49) Adopting the habeas court's findings, the Texas Court of Criminal Appeals necessarily, although not expressly, determined the indictment was sufficient to invest jurisdiction over petitioner's case. As such, this claim is foreclosed from federal habeas review. *Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007).

### 3. and 4. *Ineffective Assistance of Counsel*

Under his third and fourth grounds, petitioner claims he received ineffective assistance of trial counsel because counsel failed to file a motion to quash the indictment or a motion in arrest of judgment on double jeopardy grounds. A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466

U.S. 668, 688 (1984). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697.

> The state habeas court entered the following findings of fact refuting petitioner's allegations:
>
> 10. The Indictment alleged three separate offenses.
>
> 11. Counsel's decision not to file a motion to dismiss the indictment on the basis of double jeopardy was the result of reasonable trial strategy because the indictment alleged three separate offenses.
>
> 12. The victim testified to *multiple occasions* of aggravated sexual assault.
>
> 13. Counsel's decision not to file a motion to arrest the judgment on the basis of double jeopardy because the victim testified to multiple assaults [w]as the result of reasonable trial strategy.
>
> 14. No affidavit is needed from counsel because there is a plausible basis in strategy or tactics for the alleged actions.

(SHR at 48) (citations omitted) (emphasis in original)

Based on its findings, and applying the *Strickland* standard, the court entered the following legal conclusions:

> 18. Counsel properly did not attack the indictment on the basis of double jeopardy because the State alleged three separate offenses.
>
> 19. Counsel properly did not attack the judgment on the basis of double jeopardy because the victim testified to multiple occasions of sexual assault.
>
> 20. Because there is a plausible basis in strategy for the actions, and inactions, alleged by Applicant, a full inquiry into the strategy or tactics of counsel is not needed.

21. Applicant has failed to prove that his trial counsel's representation fell below an objective standard of reasonableness.

. . .

23. Applicant has failed to show that there is a reasonable probability that the result of the proceeding would have been different had counsel filed a motion to dismiss the indictment.

(SHR at 50)

Deferring to the habeas court's findings, the state courts' application of *Strickland* was reasonable. Counsel is not required to file frivolous motions. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Moreover, counsel's strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. *Strickland*, 466 U.S. at 690-91.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that petitioner's petition for writ of habeas corpus be DENIED.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September __10__, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection,

11

and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September __10__, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August __20__, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE